Nott, J.
This question has already been decided in the case of Anderson vs. Maddox and others. Executors, administrators and guardians all stand in the same relation of trustees, and their transactions are only examinable in a court, of equity, or-some other court, especially authorized to examine and adjust their accounts. Where a guardian is appointed by the ordinary he has jurisdiction over the subject, but a very inadequate one, because he has not the power to compel obedience to his decrees. His proceedings are generally exparte and therefore may be examined in a court of equity. But a court of law is utterly incompetent to administer justice in such a case.
The difficulty has arisen from the act of 1809. (1 Bre-mrd, 231.) authorizing the court of common pleas, to appoint guardians in particular cases. It is the necessary result of transferring a portion of the jurisdiction belonging to one- *512 court to soother not having the means of exercising a coiri-píete jurisdiction over the whole subject. The act merely au« thorizes the court to appoint guardians in the single case of the division of estates under the act of 1791. It does not, give the power to call them to account And I cannot per» ceive in what way that court could exercise such a power, The judge cannot perform the duty in person, because be must then usurp the province of the jury in the trial of the facts. Lie cannot search the conscience of the party in the manner required by the court of equity. It cannot be done by a reference to the clerk, because then the jury must found their verdict-on his report and not upon evidence as they are sworn to do. It must be apparent thefore that the court of equity is the only tribunal competent to the performance of such a duty. • And that the legislature did not intend by giving the court of com non pleas authority to appoint guardians to transfer to that court all the powers of the court of equity connected with the subject.
The opinion of the court iir the case of Anderson vs. Maddox and others, was delivered by myself. And I have there said that “ if the plaintiff set out the condition of the bond in his declaration and assign a specific breach, so that it shall appear to the court that no enquiry into the state of the defendants accounts will be necessary 1 see no objection to maintaining the action in a court of law.” I think, however, that l did wrong to hold out the encouragement which that observation afforded, to attempt to give jurisdiction to a court of law in such a case. For ihe plaintiff, cannot by the manner of assigning the breach, restrict the defendant in the nature of his defence. I think therefore the safest way will be to turn all those cases over to the court of equity.
And indeed by a reference to the proceedings in this case it will be seen that the replication in which the breaches are assigned is more in the nature of a bill in equity than a plea in a court of law, and that the breaches are not and could not be so assigned that issue could be taken upon them in the *513 distinct and precise form required by the rules of pleading.
The opinion therefore of the circuit judge must be supr ported and the motion to reverse the decision refused.
Caldwell, for the motion.
Baushett &/• Dunlap, contra.